IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20021-09-KHV |
| PAUL COLLIER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the government's <u>Application For Stay Of Magistrate Judge's Release Order And Motion To Review Release Order</u> (Doc. #115) filed September 13, 2012. On September 25, 2012, the Court held a hearing on the motion. For reasons stated below, the Court finds that no condition or combination of conditions will reasonably assure defendant's appearance as required and the safety of any other person and the community. Defendant should therefore be detained pending trial.

**Procedural Background**

A grand jury charged Paul Collier and nine others with conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine, and to lease, rent, use and maintain a residence for distributing and using methamphetamine. <u>Second Superseding Indictment</u> (Doc. #101), Count 1. It also charged defendant with distribution of more than five grams of methamphetamine and use of a cell phone in facilitating the conspiracy. <u>See id.</u>, Counts 4 and 11. Under 21 U.S.C. § 841(b)(1)(A)(viii), the conspiracy charged in Count 1 carries a statutory mandatory minimum term of imprisonment of ten years and a maximum term of life, with a presumption of detention. <u>See</u> 18 U.S.C. § 3142(e)(3)(A).

On September 12, 2012, United States Magistrate Judge James P. O'Hara held a detention hearing. Over the government's objection, Judge O'Hara ordered that upon posting a $25,000 unsecured bond, defendant be released from custody. The government seeks review of the release order.

**Standard Of Review**

The government may seek review of a magistrate judge's order of release. See 18 U.S.C. § 3145(a)(1). The district court reviews de novo a magistrate judge's order of release. See United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003). The district court must make its own de novo determination of the facts and legal conclusions with no deference to the magistrate judge's findings. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002). A de novo evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Dozal, No. 09-20005-08/12/24-KHV, 2009 WL 873011, at *1 (D. Kan. March 27, 2009) (citing United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f); Fed. R. Evid. 1101(d)(3). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See 18 U.S.C. § 3142(f).

**Standards For Detention**

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account

the available information concerning –

>   (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>   (2) the weight of the evidence against the person;
>
>   (3) the history and characteristics of the person, including –
>       (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>       (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with an offense for which the Controlled Substances Act, 21 U.S.C. § 801 et seq., prescribes a maximum prison term of ten years or more. See 18 U.S.C. § 3142(e); see also United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991) (upon finding of probable cause that defendant committed federal drug offense carrying maximum prison term of ten years or more, rebuttable presumption that no conditions of release will assure defendant's appearance and safety of community). The Second Superseding Indictment charges defendant with conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine, and to lease, rent, use and maintain a residence for distributing and using methamphetamine. Section 841(b)(1)(A)(viii) of the Controlled Substances Act imposes a minimum of 10 years and a maximum of life in prison for offenses involving 50 grams or more of

methamphetamine, thereby triggering the rebuttable presumption for detention. United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990) (grand jury indictment provides probable cause required by statute to trigger presumption); see United States v. Carr, No. 07-40034-JAR, 2007 WL 2253200, at *6 (D. Kan. July 31, 2007).

Once the presumption arises, the burden of production shifts to defendant. Stricklin, 932 F.2d at 1354. Defendant's burden of production is not heavy, but defendant must produce some evidence. Id.; United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986) (to rebut presumption, defendant must come forward with credible evidence of something specific about charged criminal conduct or individual circumstances that tends to show that what is true in general is not true in particular case). Even if defendant meets the burden of production, the presumption remains a factor in determining whether to release or detain. Stricklin, 932 F.2d at 1354. "Thus the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." United States v. Holmes, No. 05-40066-01-SAC, 2007 WL 293907, at *2 (D. Kan. Jan. 29, 2007) (quoting United States v. Hare, 837 F.2d 796, 798-99 (5th Cir. 1989)) (footnote omitted). The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id. at 1252.

**Analysis**

The Court takes judicial notice of and incorporates the Pretrial Services Report for defendant and the record of the proceedings conducted by the magistrate judge.

**I.   Nature And Circumstances Of The Offense**

As noted, because defendant is charged with a drug conspiracy which carries a minimum term of 10 years in prison, a rebuttable presumption of detention is triggered. In addition, because of his prior felony drug convictions, defendant faces a mandatory minimum of life in prison under 21 U.S.C. §§ 841(b)(1)(A)(viii) and 851. This factor favors detention.

**II.   Weight Of The Evidence**

The evidence outlined by the government, which defendant largely does not dispute, suggests that the government has strong evidence that defendant was a participant in the alleged conspiracy. Multiple cooperating individuals identified defendant as their source of methamphetamine. Through these cooperating individuals alone, some 500 grams of methamphetamine can be attributed directly to defendant and his drug trafficking activity. This factor favors detention.

**III.   History And Characteristics Of Defendant**

Defendant has lived in the El Dorado, Kansas area for nearly his entire life. Since 2004, defendant has lived alone in a house which his mother owns. Defendant has been divorced three times. His most recent marriage ended in divorce in 2004. Defendant has one son, but he has not seen his son for three years. Defendant has no reported employment since January 1, 2000. He receives food stamps and his mother provides his housing. In addition, since 2003, he apparently has relied on making money from the distribution of illegal drugs.

Defendant has a criminal record. In 2003, he was convicted for the sale or possession with

intent to sell hallucinogens, possession of opiates, possession of paraphernalia to grow and distribute marijuana and use or possession of drug paraphernalia. In 2006, he was convicted of possession of opiates and possession of paraphernalia to grow and distribute marijuana. In 2009, in the Butler County District Court in El Dorado, Kansas, he was convicted of conspiracy to commit theft and theft by deception. The state court placed defendant on probation, but later revoked his probation because he did not comply. In April of 2012, the state court extended defendant's probation until April 15, 2013.

Defendant's ties to El Dorado, Kansas suggest that he is not a flight risk. Even so, defendant's history suggests that he would not likely follow conditions of pretrial release. On balance, this factor favors detention.

**IV.    Danger To The Community**

Before releasing defendant on any set of conditions, the Court must be satisfied that he will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). Here, defendant is charged with being a member of a drug conspiracy involving significant amounts of methamphetamine and spanning some 19 months. The evidence indicates that some 500 grams of methamphetamine is directly attributed to defendant's activities. The government has shown a risk that defendant will commit additional crimes involving drug distribution which is sufficient to detain him. See United States v. Pina-Aboite, 97 Fed. Appx. 832, 836 (10th Cir. 2004) (risk that defendant will continue to engage in drug trafficking constitutes danger to community). Based on his prior conduct, and the fact that defendant allegedly committed the charged offenses while on probation, the Court cannot predict that defendant would abandon his criminal activities. The Court finds by clear and convincing evidence that defendant is a danger to the community.

## V. Balance Of Factors

Defendant's ties to El Dorado, Kansas favor release, but this consideration is outweighed by the other factors discussed above, which indicate that defendant has a history of drug possession and distribution. More significantly, defendant is alleged to have committed the instant offense while on probation from state court. Based on the indictment and the record before the magistrate judge including the pretrial services report, the Court concludes that defendant poses a danger to the community and that no set of conditions of release will reasonably assure his appearance as required and the safety of the community.

**IT IS THEREFORE ORDERED** that the government's <u>Application For Stay Of Magistrate Judge's Release Order And Motion To Review Release Order</u> (Doc. #115) filed September 13, 2012 be and hereby is **SUSTAINED**. Defendant shall remain in custody pending trial.

Dated this 27th day of September, 2012 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge